UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOAN B. HOOP,<br><br>               Plaintiff/Appellee,<br><br>    v.<br><br>DARWIN KURT HOOP,<br><br>               Defendant/Appellant. | CASE NO. C06-0765-JCC<br><br>ORDER |

       This matter comes before the Court on Defendant/Appellant Darwin Kurt Hoop's appeal from the U.S. Bankruptcy Court for the Western District of Washington. (Dkt. No. 11.) Having considered the briefs and other papers submitted by both parties and finding oral argument unnecessary, this Court AFFIRMS the ruling of the bankruptcy court.

**I.      BACKGROUND AND FACTS**

       Defendant/Appellant Kurt Hoop was the executor of his father Darwin D. Hoop's estate in Pennsylvania. Plaintiff/Appellee Joan B. Hoop was the decedent's surviving spouse. (Vreeland Decl. 2, Dkt. No. 11-2.) She prevailed in an action in Pennsylvania to take an elective share of the surviving spouse, under 20 Pa. Cons. Stat. §§ 2203, 2211. (*Id.*) After Defendant/Appellant had exhausted all of his appeals, the Pennsylvania court entered its opinion ("the Pennsylvania Order") on December 10, 2001.

ORDER – 1

(Vreeland Decl. Ex. A, Dkt. No. 11-2). The Pennsylvania Order stated in relevant part:

> The Executor has wrongfully treated the assets of this Estate as his own, breaching his fiduciary duty by making investments which are not authorized by law.
> The Executor has wrongfully treated the assets of this Estate as his own, breaching his fiduciary duty by disbursing Estate funds for personal matters.
> The Executor has wrongfully treated the assets of this Estate as his own, breaching his fiduciary duty by charging his personal litigation expenses to this Estate.
> During the administration of this Estate, after the September 29, 2000, decision of the Superior Court, Darwin Kurt Hoop's conduct was dilatory, obdurate and vexatious and warrants an award of attorney fees to Joan B. Hoop to defend against those actions.

(Pennsylvania Order 11-12.) The Pennsylvania Order required Defendant/Appellant to pay Plaintiff/Appellee $117,509.81. (*Id.* at 14) When he did not do so, a judgment was entered against him personally on February 27, 2003 for this amount. (Notice of Entry of Judgment (Vreeland Decl. Ex. B, Dkt. No. 11-2).)

Defendant/Appellant later filed a Chapter 7 Voluntary Petition in bankruptcy court. (Chapter 7 Voluntary Petition (Dkt. No. 1 in Bankr. 05-28999-KAO).) Plaintiff/Appellee filed a separate Complaint, seeking to determine whether the $117.509.81 in debt could be discharged under 11 U.S.C. § 523(a)(4). (Complaint (Dkt. No. 1 in Bankr. 06-01072-KAO).) The Bankruptcy Judge ruled in favor of Plaintiff/Appellee, holding that the debt was nondischargeable and that collateral estoppel precluded relitigation of this issue. (Oral Argument Tr. in 13-14 (Dkt. No.36 in Bankr. 06-01072-KAO).)

**II.    ANALYSIS**

In reviewing an order granting summary judgment, this Court reviews the bankruptcy court's conclusions of law *de novo*. *In re Bakersfield Westar Ambulance*, 123 F.3d 1243, 1245 (9th Cir. 1997).

"In determining the collateral estoppel effect of a state court judgment, federal courts must, as a matter of full faith and credit, apply that state's law of collateral estoppel." *In re Bugna*, 33 F.3d 1054, 1057 (9th Cir. 1994). Accordingly, this Court must look to the law of collateral estoppel in Pennsylvania, which requires the following five elements: "1) the issue decided in the prior case is identical to the one presented in the later case; 2) there was a final judgment on the merits; 3) the party against whom the plea is asserted was a party or in privity with a party to the prior case; 4) the party against whom the doctrine

ORDER – 2

is asserted or his privy has had a full and fair opportunity to litigate the issue in the prior proceeding; and 5) the determination in the prior case was essential to the judgment therein." *Mellon Bank v. Rafsky*, 535 A.2d 1090, 1093 (Pa. Super. Ct. 1987). Defendant/Appellant concedes the second element (that there was a final judgment on the merits) and the third element (that he was a party in the earlier action) but disputes the remaining three.

Regarding the first element, it is clear that the issues before the state court were identical to those faced by the bankruptcy judge. 11 U.S.C. § 523(a)(4) exempts from discharge any debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." Federal law governs whether one is a fiduciary under this section, and it requires that one be a fiduciary arising from "an express or technical trust that was imposed before and without reference to the wrongdoing that caused the debt." *In re Lewis*, 97 F.3d 1182, 1185 (9th Cir. 1996). The Pennsylvania Order necessarily determined that Plaintiff/Appellant was acting in the type of "express" or "technical" trust relationship because it determined that he was the formal executor of his father's estate. Further, the state court decision already concluded that Defendant/Appellant committed certain conduct that, under federal law, easily qualifies as "fraud or defalcation." "Defalcation is defined as the misappropriation of trust funds or money held in any fiduciary capacity; the failure to properly account for such funds. " *Id.* at 1186 (internal citations omitted). It "includes the innocent default of a fiduciary who fails to account fully for money received." *Id.* Thus, even if Defendant/Appellant did, in fact, innocently fail to account for the funds from his father's estate, his conduct would nevertheless constitute defalcation under § 523(a)(4). Accordingly, the state court has already ruled on the very issue before the bankruptcy court and the first element of collateral estoppel has been met.[1]

---

[1] Defendant/Appellant also argues that he incurred the debt as a result of his breach of his fiduciary duties with respect to the estate, not because of any breach of fiduciary duty with respect to Plaintiff/Appellee. This argument is meritless. Even if it were possible for one to directly incur a debt to someone for breach of a fiduciary duty without, in some way, having a fiduciary relationship to that person, the statute only requires that the debt be incurred "while acting in a fiduciary capacity." 11 U.S.C.

ORDER – 3

Defendant/Appellant also had a full and fair opportunity to litigate this issue in state court. He argues that the Pennsylvania court's decision is "essentially a default judgment" and thus contests that the issue was actually litigated. (Appellant's Brief 15.) He bases this argument on the Pennsylvania court's decision to "deem[] admitted" Exceptions to the Account of his father's estate. (Pennsylvania Order 4.) The Pennsylvania court decided to do so only after Defendant/Appellant had ignored a court order that he properly account for the assets and did not attend two subsequent hearings on the matter. (*Id.*) He nevertheless admits that he attended "the many hearings, depositions, meetings, and countless obligations of his father's estate" (Appellant's Brief 14), clearly demonstrating that he actually litigated these issues in state court even if he did not appear at every single proceeding. The fact that his failure to appear was due in part to his fear that the Pennsylvania court would "wrongly imprison[]" him (*id.* at 14), does not alter this result or make the state court proceeding somehow unfair. Accordingly, the fourth element of collateral estoppel has been met.

The fifth element is also easily met, as the entire basis for the state court award was Defendant/Appellant's breach of fiduciary duty.

Because all five elements of collateral estoppel under Pennsylvania law have been met, the bankruptcy court properly granted summary judgment in Plaintiff/Appellee's favor.

### III.  CONCLUSION

For the foregoing reasons, the decision of the bankruptcy court is hereby AFFIRMED.

SO ORDERED this 2nd day of March, 2007.

John C. Coughenour
United States District Judge

---

§ 523(a)(4). The statute does not specify that the fiduciary duty be owed to any particular person.

ORDER – 4